IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| H.A. MORRIS, and JAMES LENHART individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | Civil Action No.: 4:15-CV-01115-RBH |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| BAREFOOT COMMUNICATIONS, INC. and CHRISTOPHER PACKER, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court to consider Plaintiffs' Motion for Conditional Certification of a Collective Action and to Provide Notice Under the Fair Labor Standards Act, 29 U.S.C. § 216(b) [ECF #30]. Both parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

## Factual Background and Procedural History

On March 9, 2015, Plaintiffs filed their Complaint against Defendants Barefoot Communications, Inc. ("Barefoot") and Christopher Packer, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"). [ECF #1]. Plaintiffs worked for Defendants as satellite television installation technicians. [ECF #1, p. 2]. Plaintiffs allege that Defendants mischaracterized Plaintiffs, as well as other similarly situated employees, as independent contractors, rather than employees. [ECF #1, p. 1]. In so doing, Defendants allegedly deprived

---

[2] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Plaintiffs of overtime, minimum wage, and other wages in violation of the FLSA. [ECF #1, p. 1]. Thus, Plaintiffs brought a cause of action under the FLSA for failure to pay overtime wages and failure to pay minimum wages. [ECF #1]. Plaintiffs brought the action as a collective action on behalf of individuals similarly situated under 29 U.S.C. § 216(b). Plaintiffs now request this Court grant their motion for conditional certification and to order notices be sent to potential opt-in individuals who performed similar satellite installation services for Barefoot and who were classified as independent contractors. On August 16, 2016, Plaintiffs filed their Motion requesting conditional certification and notice be sent pursuant to 29 U.S.C. § 216(b). [ECF #30-1]. Defendants responded on September 3, 2016, indicating that while they do not oppose conditionally certifying the class in this matter, they oppose the content of the proposed notice and consent forms. [ECF #31, p. 2]. Moreover, Defendants argue that this Motion should be denied because Plaintiffs failed to consult with Defendants prior to filing their Motion in accordance with Local Civil Rule 7.02. [ECF #31, p. 2]. Therefore, Defendants argue that should they be held liable in this case, Defendants should not be required to pay the costs and fees related to Plaintiffs' Motions for Conditional Certification. [ECF #31, p. 2]. Plaintiffs respond that they have provided the requisite notice under Local Civil Rule 7.02. [ECF #33]. Plaintiffs also indicate that they consent to using Defendants' proposed notice form, attached as Exhibit "A" to Defendants' response brief. Plaintiffs have also provided an opt-in form as Exhibit "2" to their reply brief, which reflects the requested changes of Defendants. [ECF #33-2, Exhibit 2].

## **Standard of Review**

Plaintiffs filed their Motion pursuant to Section 216(b) of the FLSA. This Section

2

provides:

> An action . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Several district courts employ a two-step process in analyzing the certification of a collective action under the FLSA. At the first step, the court generally considers "whether other similarly situated employees should be notified." *Curtis v. Time Warner Enter.-Advance Newhouse Partnership*, No. 3:12-CV-2370-JFA, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013). The second step is triggered by an employer's motion for decertification and typically occurs after substantial discovery has taken place. *Id.*

Under step one, Court's often require a plaintiff show a "reasonable basis" for his or her claim that there are other similarly situated employees. *Id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258-62 (11th Cir. 2008). Alternatively, courts have required plaintiffs to "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010)). Under this step, the plaintiff's burden has been described as "fairly lenient" because the court is trying to determine whether "similarly situated" plaintiffs exist. *Id.* Still, the plaintiff bears the burden of demonstrating that notice is appropriate. *MacGregor*, 2011

WL 2981466, at *2 (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)). The Court's discretion to facilitate notice in these cases is not without bounds. *MacGregor*, 2011 WL 2981466, at *2. Courts should not exercise this discretion unless the plaintiff has shown that the facts and circumstances of the case present a class of "similarly situated" aggrieved employees. *Id.* (citing *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547-48 (E.D. Va. 2009).

If a court were to grant a motion for conditional certification, the defendant may file a motion for decertification, at which time a more stringent standard under the second step must be met. *Id.* at *3. The second step usually occurs near the end of discovery, and the courts have considered a number of factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.*

## **Discussion**

Defendants argue as their only ground for denial of this Motion that Plaintiffs failed to satisfy the District Court of South Carolina's Local Civil Rule 7.02. This rule requires the party filing a motion to affirm that he or she has conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion. There are a few limited exceptions to this requirement specifically outlined in the Rule.

Here, Plaintiffs argue that they have satisfied their obligations under this Rule. To that end, Plaintiffs have attached as Exhibit 1, the Affidavit of Plaintiffs' counsel, Thomas P. Fowler, to their reply brief. [ECF #33-1]. On February 12, 2016, Plaintiffs first filed a Motion for Conditional Certification. [ECF #18]. On March 24, 2016, the Parties filed a joint stipulation to

4

the withdraw this motion to allow time for Defendants to conduct pre-certification discovery, and the Parties set out a proposed amended scheduling order. [ECF #23]. Under this agreed-to amended scheduling order, Plaintiffs would have until June 3, 2016 to re-file their Motion. [ECF #23]. This re-filing date was extended until August 2, 2016 to allow Defendants sufficient time to conduct depositions. [ECF #33-1, p. 2]. Thereafter, while the Parties discussed submitting a new proposed consent amended scheduling order, Plaintiffs' counsel inquired whether Defendants would consent to conditional certification. [ECF #33-1, p. 2]. Mr. Fowler avers that defense counsel indicated that consent was possible, but that Defendants wanted to complete depositions. [ECF #33-1, p. 2]. After this conversation, Plaintiffs' counsel testifies that he did not receive any deposition notices from Defendants. Accordingly, on August 16, 2016, Plaintiffs filed this Motion, under the belief that the previous discussion constituted the requisite conferral to satisfy Local Rule Civil Rule 7.02.

This Court finds that Plaintiffs have, in good faith, complied with the Local Civil Rule 7.02. The Rule requires Parties to affirm that he or she conferred or attempted to confer with opposing counsel in resolving the matter, here conditional certification. Based on the testimony provided in Mr. Fowler's affidavit, the emails attached to his affidavit, and Defendants' indication in their response brief that they do not oppose conditional certification, the Court declines to deny the Motion on this ground. This Court further finds that Plaintiffs have met the standard under the FLSA to show that conditional certification is appropriate in this case because Plaintiffs have made a "modest factual showing" that other technicians are "similarly situated." *See Curtis,* 2013 WL 1874848, at *2. Accordingly, this Court will grant Plaintiffs' request to conditionally certify

5

the proposed class.  As it appears to this Court that Plaintiffs consent to Defendants' proposed notice form, attached as Exhibit "A" to Defendants' response brief [ECF #31-1], this Court approves this notice form.  However, as pointed out by Plaintiffs, Defendants did not attach an amended consent form to their response brief to reflect their requested changes.  However, Plaintiffs attached an amended consent form to reflect Defendants' changes to their reply brief as Exhibit "2." [ECF #33-2]. This Court approves this consent form, as well.  Plaintiffs request that notice be sent to all current and former technicians who have worked for Defendants in the United states within the past three years, and that the potential opt-in plaintiffs who desire to participate in the lawsuit be provided ninety (90) days from the date of mailing to file consent forms with this Court.  Defendants have not indicated that they oppose this classification of potential plaintiffs or the timeline set forth by Plaintiffs.  Accordingly, this Court will allow notice to be sent to this defined set of proposed class members and provide the requested ninety (90) days to file consent forms.  Further, as Plaintiffs have indicated, Defendants do not object to the notice and opt-in form being issued to proposed class members via e-mail, in addition to U.S. mail. After reviewing the case law provided by Plaintiffs supporting notice via e-mail, as well as U.S. mail, this Court will allow this form of communication for the notice and opt-in form, as well. *See Butler v. Direct SAT USA, LLC*, 876 F. Supp. 2d 560, 574-75 (D. Md. 2012) (explaining that district courts have broad discretion regarding the "details" of the notice sent to potential opt-in plaintiffs, and numerous courts around the country have allowed for 90 day opt-in periods, and further, that the use of e-mail to notify potential plaintiffs is now the norm).

**Conclusion**

The Court has thoroughly reviewed the entire record, including the pleadings, Plaintiffs' Motion for Conditional Certification of a Collective Action and to Provide Notice under the FLSA, Defendants' response to the motion, Plaintiffs' reply, and the applicable law.  For the reasons stated above, this Motion [ECF #30] is **GRANTED.** This Court authorizes Plaintiff to send the agreed-to notice form, attached as Exhibit A to Defendants' response brief [ECF #31-1], and the consent to opt-in form attached to Plaintiffs' response brief reflecting Defendants' proposed changes [ECF #33-2], via e-mail and U.S. mail to allow potential plaintiffs, as defined by Plaintiffs in their motion, and as outlined in this Order, the requested time period of ninety (90) days from the date of mailing to file consent forms with this Court.

    **IT IS SO ORDERED.**

Florence, South Carolina                                                             s/ R. Bryan Harwell
February 22, 2017                                                                     R. Bryan Harwell
                                                                                      United States District Judge